992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas L. O'NEIL, Petitioner-Appellant,
v.
UNITED STATES Of America, Respondent-Appellee.
 No. 92-2455.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1993.
 
 Before MARTIN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from an order denying a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. In 1991, Thomas O'Neil was convicted after a jury trial of distribution of explosive materials (18 U.S.C. § 842(e)), possession of an unregistered firearm (26 U.S.C. §§ 5841, 5861(d), and 5871), and possession of marijuana (21 U.S.C. § 844(a)). He received an aggregate sentence of thirty-six months and his conviction was affirmed on direct appeal.
 
 
 3
 O'Neil subsequently filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in which the only issues raised concern the application of the sentencing guidelines. The district court denied the motion as well as a subsequent motion for reconsideration. This appeal followed. The parties have briefed the issues; O'Neil is proceeding without counsel. In addition, O'Neil filed a motion for pauper status on appeal.
 
 
 4
 O'Neil contends that his sentence was the result of several guideline application errors. These errors may be characterized as either incorrect guideline applications or improper changes in the base offense level of one count after the defendant reviewed the presentence report. None of these alleged errors was raised on direct appeal. Even though O'Neil's appellate counsel was not the same as his trial counsel, he nevertheless contends that these errors are cognizable as the product of ineffective trial and appellate counsel.
 
 
 5
 A motion to vacate sentence under § 2255 may not do service for a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982). To obtain collateral relief in this circumstance, O'Neil must demonstrate cause for the procedural default on appeal (failure to raise the alleged errors) and actual prejudice resulting from the sentencing errors of which he complains. Id. at 167-68. While attorney error may constitute cause if it amounts to ineffective assistance of counsel, see Murray v. Carrier, 477 U.S. 478, 488 (1986), O'Neil has made no previous effort to satisfy the test for ineffective assistance set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Strickland and its progeny contemplate ineffective assistance as encompassing a failure of counsel so complete as to amount to a breakdown in the trial process leading to an unreliable result.
 
 
 6
 O'Neil has not made the required showing of cause and prejudice. The only mention of cause is in O'Neil's repeated conclusory assertions that his trial and appellate counsel obviously overlooked the errors complained of, yet the record and O'Neil's motion for reconsideration plainly reflect his knowledge of the alleged sentencing errors during the pendency of the direct appeal at the latest. The record of O'Neil's direct appeal reflects that his counsel did not stop functioning but rather raised several issues including sentencing issues thought to be relevant. This appeal lacks merit.
 
 
 7
 Accordingly, the motion for pauper status is granted for the purposes of this appeal only and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.